UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BRIAN REYNOLDS,

                 Petitioner,

-against-               1:19-CV-6598 (CM)

ACTING WARDEN J. PETRUCCI,       TRANSFER ORDER

                 Respondent.

COLLEEN McMAHON, Chief United States District Judge:

      Petitioner, currently incarcerated in the Federal Correctional Institution in Otisville, New York, brings this *pro se* petition for a writ of *habeas corpus* under 28 U.S.C. § 2241, challenging the legality of his conviction in *United States v. Reynolds*, ECF 3:11-CR-0042, 148 (S.D. Iowa Aug. 14, 2012), *aff'd*, 720 F.3d 665 (8th Cir. 2013). For the reasons set forth below, this Court transfers this action to the United States Court of Appeals for the Eighth Circuit.

      The proper jurisdictional basis for the relief Petitioner seeks is 28 U.S.C. § 2255, not 28 U.S.C. § 2241. Section 2255 "is generally the proper vehicle for a federal prisoner's challenge to his conviction and sentence." *Jiminian v. Nash*, 245 F.3d 144, 146-47 (2d Cir. 2001). Petitioner has already challenged his conviction and sentence by filing a § 2255 motion in the United States District Court for the Southern District of Iowa. That court denied Petitioner's § 2255 motion on the merits. *See Reynolds v. United States*, ECF 4:14-CV-0422, 36 (S.D. Iowa Jan. 8, 2018), *appeal dismissed*, No. 18-1348 (8th Cir. June 18, 2018), *cert. denied*, No. 18-5500 (Oct. 1, 2018).

      A submission is a second or successive § 2255 motion when a federal district court has already adjudicated on the merits a previous § 2255 motion that challenged the same conviction or sentence. *See Corrao v. United States*, 152 F.3d 188, 191 (2d Cir. 1998). A federal district

court may recharacterize a submission as a second or successive § 2255 motion without providing the litigant an opportunity to withdraw the submission. *Jiminian*, 245 F.3d at 148. Because Petitioner has already filed a § 2255 motion challenging the same conviction that he challenges here, and because a federal district court has decided that motion on the merits, this Court recharacterizes the present petition as a second or successive § 2255 motion.

Before a litigant may file a second or successive § 2255 motion in a federal district court, the appropriate Court of Appeals must give its authorization. *See* 28 U.S.C. §§ 2244(b)(3)(A), 2255(h). Petitioner has not indicated that he received authorization from the appropriate Court of Appeals to file this second or successive § 2255 motion. Therefore, he must request permission to file it from the United States Court of Appeals for the Eighth Circuit. Because second or successive § 2255 motions should be transferred to the appropriate Court of Appeals, *see Liriano v. United States*, 95 F.3d 119, 122-23 (2d Cir. 1996), in the interest of justice, the Court transfers this action to the United States Court of Appeals for the Eighth Circuit, *see* 28 U.S.C. § 1631.

## CONCLUSION

The Court directs the Clerk of Court to assign this matter to my docket, mail a copy of this order to Petitioner, and note service on the docket. In the interest of justice, the Court transfers this second or successive § 2255 motion to the United States Court of Appeals for the Eighth Circuit under 28 U.S.C. § 1631. This order closes this action.

Because the motion makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that "a

defendant's good faith in [a criminal] case [is] demonstrated when he seeks appellate review of any issue not frivolous").

The Court also directs the Clerk of Court to docket this order as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated: August 14, 2019
New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge